DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SCOTT D. JOINER (CABN 223313)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
Scott.Joiner@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON FRERE,<br><br>Defendant. | NO. CR 18-MJ-71724 SK<br><br>STIPULATION TO EXCLUDE TIME FROM SEPTEMBER 3, 2019 TO SEPTEMBER 24, 2019; [PROPOSED] ORDER |

The parties appeared for a status hearing on September 3, 2019 and requested a continuance to September 24, 2019 for further status. It is stipulated by and between counsel for the United States and counsel for the defendant, Brandon Frere, that time be excluded under the Speedy Trial Act from September 3, 2019, through September 24, 2019, for the reasons stated below.

The parties previously appeared for a status conference on December 21, 2018 and requested a continuance until February 27, 2019 for further status. The defendant waived the time for a preliminary hearing on the Complaint under Rule 5.1 of the Federal Rules of Criminal Procedure until the next status conference. The Court granted the request for a continuance. The Court granted the parties additional continuances until September 3, 2019. Pursuant to stipulation, the Court excluded time under the Speedy Trial Act for each one and also extended the time for a preliminary hearing

As part of the currently requested continuance, the parties request that the time from September 3, 2019, through September 24, 2019, be excluded under the Speedy Trial Act in light of the complexity of the case, which involves hundreds of thousands of pages of documents, the time available for indictment, and for effective preparation of counsel.

The parties stipulate and agree that excluding time from September 3, 2019, through September 24, 2019, will allow for the effective preparation of counsel and is appropriate based on the volume of discovery, the complexity of the case, and the amount of time necessary to return and file an indictment under the circumstances within the time specified by 18 U.S.C. § 3161(b). *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii), 3161(h(7)(B)(iv); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The parties further stipulate and agree that the ends of justice served by excluding the time from September 3, 2019, through September 24, 2019, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).

The defendant waives the time for a preliminary hearing on the Complaint under Rule 5.1 of the Federal Rules of Criminal Procedure from the date of this stipulation until September 24, 2019, and agrees that the time for a preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure will not begin to run before September 24, 2019. The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

SO STIPULATED.

DATED: September 3, 2019

/s/
SCOTT D. JOINER
Assistant United States Attorney

DATED: September 3, 2019

/s/
EDWARD W. SWANSON
SWANSON & MCNAMARA LLP
Counsel for Defendant Brandon Frere

**[PROPOSED] ORDER**

Based upon the facts and representations set forth in the stipulation of the parties and as stated on the record on September 3, 2019, and for good cause shown, the Court finds that failing to exclude the time from September 3, 2019, through September 24, 2019, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also finds that excluding the time from September 3, 2019, through September 24, 2019, is appropriate in light of the volume of discovery and the complexity of the case, which the parties represent involves hundreds of thousands of pages of documents, and the amount of time necessary to return and file an indictment under the circumstances within the time specified by 18 U.S.C. § 3161(b). *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The Court further finds that the ends of justice served by excluding the time from September 3, 2019, through September 24, 2019, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from September 3, 2019, through September 24, 2019, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv). The Court also orders that the time for a preliminary hearing be extended under Rule 5.1 of the Federal Rules of Criminal Procedure pursuant to the stipulation of the parties.

IT IS SO ORDERED.

DATED: ____________________

____________________________
HON. JOSEPH C. SPERO
CHIEF MAGISTRATE JUDGE