DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SCOTT D. JOINER (CABN 223313)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Scott.Joiner@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | NO. CR 18-MJ-71724 SK |
|---|---|---|
| Plaintiff, | ) | |
| | ) | STIPULATION TO EXCLUDE TIME FROM SEPTEMBER 24, 2019 TO OCTOBER 1, 2019; |
| v. | ) | [PROPOSED] ORDER |
| BRANDON FRERE, | ) | |
| Defendant. | ) | |

    The parties respectfully request that the status hearing currently scheduled for September 24, 2019 be continued one week to October 1, 2019 for further status. It is stipulated by and between counsel for the United States and counsel for the defendant, Brandon Frere, that time be excluded under the Speedy Trial Act from September 24, 2019, through October 1, 2019, for the reasons stated below.

    The parties previously appeared for a status conference on December 21, 2018 and requested a continuance until February 27, 2019 for further status. The defendant waived the time for a preliminary hearing on the Complaint under Rule 5.1 of the Federal Rules of Criminal Procedure until the next status conference. The Court granted the request for a continuance. The Court granted the parties additional continuances until September 24, 2019. Pursuant to stipulation, the Court excluded time under the Speedy Trial Act for each one and also extended the time for a preliminary hearing

STIPULATION TO EXCLUDE TIME AND [PROPOSED] ORDER
CR 18-MJ-71724

As part of the currently requested continuance, the parties request that the time from September 24, 2019, through October 1, 2019, be excluded under the Speedy Trial Act in light of the complexity of the case, which involves hundreds of thousands of pages of documents, the time available for indictment, and for effective preparation of counsel.

The parties stipulate and agree that excluding time from September 24, 2019, through October 1, 2019, will allow for the effective preparation of counsel and is appropriate based on the volume of discovery, the complexity of the case, and the amount of time necessary to return and file an indictment under the circumstances within the time specified by 18 U.S.C. § 3161(b).  See 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii), 3161(h(7)(B)(iv); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

 The parties further stipulate and agree that the ends of justice served by excluding the time from September 24, 2019, through October 1, 2019, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).

The defendant waives the time for a preliminary hearing on the Complaint under Rule 5.1 of the Federal Rules of Criminal Procedure from the date of this stipulation until October 1, 2019, and agrees that the time for a preliminary hearing under Rule 5.1 of the Federal Rules of Criminal Procedure will not begin to run before October 1, 2019.  The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

SO STIPULATED.

DATED: September 23, 2019                               /s/
                                                        SCOTT D. JOINER
                                                        Assistant United States Attorney

1  DATED: September 23, 2019                              /s/
                                                  EDWARD W. SWANSON
2                                                 SWANSON & MCNAMARA LLP
                                                  Counsel for Defendant Brandon Frere
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

Based upon the stipulation of the parties, the status hearing currently set for September 24, 2019 is continued to October 1, 2019. The Court further finds, based upon the facts and representations set forth in the stipulation of the parties, and for good cause shown, that failing to exclude the time from September 24, 2019, through October 1, 2019, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court also finds that excluding the time from September 24, 2019, through October 1, 2019, is appropriate in light of the volume of discovery and the complexity of the case, which the parties represent involves hundreds of thousands of pages of documents, and the amount of time necessary to return and file an indictment under the circumstances within the time specified by 18 U.S.C. § 3161(b). *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The Court further finds that the ends of justice served by excluding the time from September 24, 2019, through October 1, 2019, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.

Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from September 24, 2019, through October 1, 2019, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv). The Court also orders that the time for a preliminary hearing be extended under Rule 5.1 of the Federal Rules of Criminal Procedure pursuant to the

/ /
/ /
/ /

1  stipulation of the parties.
2      IT IS SO ORDERED.
3
4  DATED: 9/23/19                             _____
5                                              HON. JOSEPH C. SPERO
                                            CHIEF MAGISTRATE JUDGE

[PROPOSED] ORDER EXCLUDING TIME
CR 18-MJ-71724 SK